ANGEL MARTÍNEZ-NORIEGA, Plaintiff and Appellee, *v.* SUCCESSORS OF COSIO & PRIMO ET AL., Defendants and Appellants.

No. 4026. Argued April 19, 1928.—Decided May 31, 1928.

*C. R. Colón* for Successors of Cosio & Primo.   *Agustín E. Font* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

On October 13, 1925, Successors of Cosio & Primo brought an action of debt against Enrique Noriega to recover the sum of $992.88 as the balance in their favor of a current account in his name and for the purpose of securing the effectiveness of the judgment they caused the marshal to attach, on January 21, 1926, fifty-five sacks of coffee stored in a house on the Los Cocos plantation situated in the ward of Pellejas of Adjuntas.

After that attachment Angel Martínez Noriega filed a complaint in intervention and alleged that the coffee belonged to him because it had been produced by the said plantation which he bought from Enrique Noriega by a public deed of July 1, 1911, recorded in the registry of property shortly thereafter.

Successors of Cosio & Primo, defendants in intervention, admitted that the coffee was a product of that plantation, but alleged as a defense that it belonged to Enrique Noriega because the sale of that property made by him in 1911 to Martínez was simulated, fraudulent and made by Enrique Noriega in order to defraud his creditors.

After trial the court sustained the complaint in intervention with the other consequent pronouncements and from that judgment the aforesaid firm took the present appeal.

Although the appellant assigns many errors against the statements made by the lower court in support of its judgments, we may disregard them because, if sustained, they would not justify a reversal of the judgment appealed from since it must be affirmed for the reason which we shall state.

The fundamental question in this litigation is whether Enrique Noriega sold the Los Cocos plantation in order to defraud his creditors Successors of Cosio & Primo.

According to subdivision 3 of section 1258 of the Civil Code, contracts executed in fraud of creditors, when the latter can not recover in any other manner what is due them, may be rescinded, and section 1261 prescribes that an action for rescission is a subsidiary one and may be enforced only when the person injured has no other legal remedy to obtain reparation for the injury. Therefore, as that rescissory action is allowed by law to the creditor for securing a rescission of the sale made by his debtor, conditioned on the fact that he can not collect his claim in any other way, and as it can not be exercised except when the person injured has no other legal recourse for obtaining reparation of the injury, it is necessary that such allegations should be made in the complaint, as held by this court in *Estate of Almazan* v. *López,* 20 P.R.R. 502; *Vázquez* v. *Martínez,* 10 P.R.R. 429; *Orsini* v. *Comas,* 10 P.R.R. 267, and *Domenech* v. *Rola,* 9 P.R.R. 85. Consequently, as those allegations are necessary, they must be proved in order that a creditor may obtain the rescission of a sale made by his debtor.

We have examined the evidence submitted at the trial and do not find that the appellants proved that the sale of Los Cocos plantation made by Noriega in 1911 was for the purpose of defrauding his creditors and that the latter could not collect their claims then in any other manner. On the contrary, it results that at that time he owned other properties, one which he sold later to Guillermo Colón and another which was auctioned years thereafter by Armstrong. Therefore, as he owned those properties when he sold to the intervenor the Los Cocos plantation in 1911, it can not be held that his creditor could not collect his claim without obtaining the rescission of that sale. Moreover, the evidence shows also that Cosio & Primo, whose credits were acquired by their successor, the appellant, were not creditors of Enrique Noriega on July 1, 1911, when the sale whose rescission is sought was made, for as the current account of Noriega with Cosio & Primo was opened on May 11, 1911, by a small

purchase of $8.50, that account was paid by Noriega on the 24th of that month, as shown by the books of the firm. That account was not reopened until July 5, 1911, when the Los Cocos plantation had already been sold, and was balanced on September 30, 1911, with $198.84 in favor of the firm. It also appears from the evidence that after 1911 Cosio & Primo and Enrique Noriega continued doing business on current account for some years, which indicates that the said firm did not consider Noriega insolvent at that time. Lastly, it appears from the evidence that Enrique Noriega carried large current accounts with several firms for some years after 1911.

Therefore, as it does not appear that Cosio & Primo, predecessors of the appellant, were creditors of Enrique Noriega when he sold his Los Cocos plantation on July 1, 1911; and as it appears that after that sale Noriega owned other properties, it can not be held that the sale of the property was made in 1911 to defraud creditors Cosio & Primo. Consequently, a rescission of that sale can not be ordered and the judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.